USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                              :

FLATIRON ACQUISITION VEHICLE LLC  :
AND CS PARADISO HOLDINGS LLC     :    1:17-cv-08987-GHW
                     Plaintiffs,  :
                                :    ORDER
            -v -                        :

CSE MORTGAGE LLC, CAPITALSOURCE  :
COMMERCIAL LOAN LLC, 2006-2,
CAPITALSOURCE FINANCE, LLC, and   :
CAPITALSOURCE, INC.,
                   Defendants.  :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      Trial in this case is set to begin on October 26, 2020. Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure, the current COVID-19 pandemic constitutes compelling circumstances and provides good cause to allow this trial to be conducted remotely via videoconference. Accordingly, after due deliberation, the Court is prepared to adopt the following virtual hearing procedures which provide appropriate safeguards in relation to the trial of this matter. Any party objecting to these procedures or who wishes to suggest alternate procedures shall do so by a letter submitted on ECF no later than Thursday, October 15, 2020.

IT IS HEREBY ORDERED THAT:

1. **Videoconferencing**. The trial shall take place virtually via videoconference as set forth herein. The provider for videoconferencing will be TrialGraphix. All counsel who participate in the trial shall participate in appropriate pre-trial technology testing no later than October 19, 2020 and as may be required by further order of the Court.

2. **Access**. No later than October 19, 2020 at 5:00 p.m., the parties shall provide to the Court

via email a list of all (a) attorneys participating in the trial, along with their phone numbers and email addresses; (b) witnesses who will participate in the trial. The public is invited to attend the trial on a non-speaking basis by utilizing a dial-in number that will be provided on the docket.

3. **Submission of Exhibits**. The parties shall prepare two binders for each witness. The first binder ("Binder One") shall be prepared by the party offering a witness. It shall contain the witness's declaration and all exhibits that the party offering that witness intends for the witness to author at trial. The second binder ("Binder Two") shall be prepared by the party opposing a witness. Binder Two shall contain all exhibits that the opposing party intends for the witness to view during cross-examination.

By no later than October 21, 2020, Binder Twos shall be provided to every witness as well as to opposing counsel. They shall be sealed and they shall, on the exterior of the binders, clearly instruct the witnesses and opposing counsel not to open the binders until directed to do so. Witnesses and opposing counsel shall not review Binder Twos until the cross-examinations begin.

A hard copy and USB drive of Binder Ones shall be mailed to Chambers no later than October 19, 2020. A hard copy and USB drive of Binder Twos shall be mailed to Chambers no later than October 21, 2020.

4. **Remote Witness Testimony**. Rule 43(a) of the Federal Rules of Civil Procedure provides that, for "good cause in compelling circumstances," a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom. Having found that good cause in compelling circumstances exist here due to the COVID-19 pandemic, any witness called to testify at the trial shall testify by contemporaneous transmission from a different location than the Courtroom ("Remote Witness"). All Remote Witnesses shall be sworn in over remote means, and such testimony will have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn in by the Court deputy in person in open court at the

courthouse.  The party offering the Remote Witness shall be responsible for ensuring that the remote technology and all exhibits from all parties are supplied to the Remote Witness in hard copy prior to trial.  During the testimony, no person other than counsel may be present in the room from which any Remote Witness who is a fact witness will testify during that witness's testimony.  While the Remote Witness is testifying, he or she may not have in the room from which the Remote Witness is testifying any documents except Binder One and Binder Two.  Remote Witnesses other than expert witnesses proffered by each side shall utilize the provided link only during the time they are testifying.  Upon the conclusion of his or her testimony, the witness shall disconnect from the link.

5. **Courtroom Formalities**.  Although being conducted using videoconferencing solutions, the trial constitutes a court proceeding, and any recording other than the official court version is prohibited.  No party may record images or sounds from any location.  The formalities of a courtroom must be observed.  When called to testify, a Remote Witness must situate himself or herself in such a manner as to be able to view the video screen and be seen by the Court.

Dated:  October 14, 2020
New York, New York

                                                                     _____
                                                                      GREGORY H. WOODS
                                                                 United States District Judge