USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
FLATIRON ACQUISITION VEHICLE, LLC :
and CS PARADISO HOLDINGS, LLC, :
                                                Plaintiffs, :
                            -v-                         :
CSE MORTGAGE LLC, CAPITALSOURCE :
COMMERCIAL LOAN, 2006-2, :
CAPITALSOURCE FINANCE LLC, and :
CAPITALSOURCE INC. :
                                        Defendants. :
------------------------------------------------------------- X

1:17-cv-8987-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

      Defendant CSE has requested that it be permitted to redact certain portions of charts detailing the legal work done by CSE's counsel that CSE submitted in support of its motion for fees and costs. Def.'s Ltr. Mot. to Seal, Dkt. No. 182. Specifically, CSE seeks to redact portions of the narrative description of work performed, the attorneys' hourly rates, and the total expenditures for each entry, which CSE asserts are privileged. The charts are attached as Exhibits A through E to the Declaration of Carolina Fornos (the "Fornos Declaration") and Exhibits A through E to Declaration of Todd Presnell (the "Presnell Declaration"). CSE has presented unredacted versions of those charts for the Court to review *in camera* and has filed redacted versions on the docket. *See* Dkt. Nos. 185–86. Plaintiffs argue that those redactions are inappropriate and that Plaintiffs should be permitted to review the full charts. Because some of the redacted material is privileged and some of it—namely, the hourly rates and total expenditures for each entry—is not, the Court grants CSE's motion in part. CSE's motion is GRANTED with respect to all of the narrative descriptions except for one and DENIED with respect to the hourly rates and total expenditures for each entry.

**A. Legal Standard**

"There is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

A court balances this common law presumption of access against competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access' to that document." *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Here, the Court focuses on the final step because the documents that Defendant seeks to seal are clearly judicial documents and the weight accorded to them is high because the documents are the subject matter of this dispute.  "A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as . . . preservation of attorney-client privilege."  *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017).  Numerous courts in this District have found privilege to be a compelling reason to overcome the presumption of access.  *See, e.g.*, *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003) (preservation of attorney-client confidentiality is "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records"); *Equal Emp't Opportunity Comm'n v. Kelley Drye*, No. 10 CIV. 655, 2012 WL 691545, at *4 (S.D.N.Y. Mar. 2, 2012) ("The preservation of attorney-client confidentiality is a well-recognized exception to the presumption of access."); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 145 (2d Cir. 2016) ("We have implied . . . that protection of the attorney-client privilege is a 'higher value' under the First Amendment that may rebut the presumption of access.").

"[I]n a diversity case the existence of a privilege is to be determined by reference to state law . . . ."  *Application of American Tobacco Co.*, 880 F.2d 1520, 1527 (2d Cir. 1989).  The New York Court of Appeals has explained that "courts should not engage in any conflicts analysis where the parties include a choice-of-law provision in their contract."  *Ministers & Missionaries Benefit Board v. Snow*, 26 N.Y.3d 466, 474 (2015), *reargument denied*, 26 N.Y.3d 1136 (2016); *see also FPP, LLC v. Xaxis US, LLC*, No. 14 Civ. 6172, 2016 WL 1733466, at *2 (S.D.N.Y. Apr. 29, 2016) (applying New York law to question of privilege pursuant to underlying contract's choice-of-law provision); *Financial Techs. Int'l, Inc. v. Smith*, No. 99 Civ. 9351, 2000 WL 1855131, at *2 ("Under New York's rules, a contractual choice of law provision will be honored as long as the chosen jurisdiction has a substantial relationship to the parties or their performance, and policy considerations of New York

3

law are not violated."). Here, the Purchase Agreement specifies New York law. Purchase Agreement § 10.9. Accordingly, New York law applies to issues of attorney-client privilege.

Under New York law, time records and billing statements that are "detailed in showing services, conversations, and conferences between counsel and others" to such an extent that "to allow access to [the] material would disclose . . . trial strategy, and reveal the . . . legal work that has been done by [the party's attorneys]" are privileged. *Licensing Corp. of Am. v. Nat'l Hockey League Players Ass'n*, 580 N.Y.S.2d 126, 128–29 (N.Y. Sup. Ct. 1992); *see also Bretillot v. Burrow*, No. 14cv7633, 2015 WL 5306224, at *25 ( S.D.N.Y. June 30, 2015) ("[C]orrespondence . . . which also reveal[s] . . . the specific nature of the services provided, such as researching particular areas of the law, fall[s] within the privilege."); *Major League Baseball Props., Inc. v. Corporación de Televisión y Microonda Rafa, S.A.*, No. 1:19-cv-8669, 2020 WL 5518361, at *4 (S.D.N.Y. Sept. 14, 2020) (explaining that courts "often review invoices and billing records *in camera* when calculating awards of attorneys' fees and costs").

### B. Application

As described above, the exhibits presented for *in camera* review are charts detailing legal work completed by CSE's counsel in this matter, Pillsbury Winthrop Shaw Pittman LLP and Bradley Arant Boult Cummings LLP. The charts contain standard narratives describing the kind of work conducted, the billing attorney, the amount of time it took to complete the specific activity, the billing rate, and the total billed for each entry. In the publicly filed version, the hourly rate, billed amount, and parts of the narrative describing the nature of the work—such as the subject of research or conferences—are redacted. *See* Dkt. Nos. 185–86.

The Court has reviewed all of the billing records *in camera*. Having done so, the Court finds that the redacted narrative entries in the charts are privileged because they are detailed and contain information about discovery, trial strategy, factual investigation, and the legal services rendered, with

4

one modest exception.[1]  Counsel who performed the redactions were clearly aware of the law governing privilege and kept it in mind; they did not redact indiscriminately as Plaintiffs feared.  *See* Opp'n at 10.  So CSE has overcome the presumption of public access with respect to the narrative entries, with the single limited exception noted above.  But the billing rates and billed amount are not privileged because they do not reveal anything about CSE's legal strategy or the nature of the work performed.  As a result, CSE has not overcome the presumption of public access with respect to the billing rates and the billed amounts.

Accordingly, CSE's motion to seal is granted in part.  Defendant is directed to submit Exhibits A through E to the Fornos Declaration and Exhibits A through E to the Presnell Declaration with the hourly rates and billed amounts unredacted, and the entry from Exhibit E to the Presnell Declaration discussed in footnote 1 unredacted, no later than October 15, 2021.  If Plaintiffs wish to provide additional arguments to the Court on the basis of the additional information Defendant discloses, Plaintiffs may do so no later than November 5, 2021.

**C.      Request for Additional Information Regarding Motion for Fees**

The Court has reviewed Defendant's motion for attorneys' fees.  Dkt. No. 183.  A touchstone of the inquiry into reasonable attorneys' fees is "what a reasonable, paying client would be willing to pay."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008).  Defendant's declarations state that the fees Defendant seeks have been "incurred" by counsel during the litigation.  *See, e.g.*, Fornos Decl. ¶ 4.  However, counsel for Defendants do not specify whether CSE has paid these fees or has agreed to pay these fees in the event that Defendant's motion is denied.  Plaintiffs have expressed a reasonable concern that the

---

[1] The one exception is the entry in Exhibit E to the Presnell Declaration that states only "preparing for and participate in conference call with client."  This particular entry is not privileged because it is not detailed and does not contain information about discovery, trial strategy, factual investigation, or the legal services rendered.  Defendant has not overcome the presumption as to that entry.

amounts listed in the charts in Exhibits A through E of the Fornos Declaration and Exhibits A through E of the Presnell Declaration do not reflect the legal fees CSE has paid or will pay in the event that Defendant's motion for fees is unsuccessful, and that perhaps CSE has paid or agreed to pay a discounted rate and/or other Defendants have paid or agreed to pay these fees. Pl.'s Opp'n at 8–9. The Court seeks an affirmation describing the amounts that CSE has paid or agreed to pay in the event that Defendant's motion is unsuccessful in order to assist the Court in evaluating the reasonableness of the fees which Defendants seek. Defendants are directed to submit to the Court no later than October 25, 2021, information specifying, for each entry—in the event that the motion for fees is unsuccessful—the amount that CSE has paid or agreed to pay, and any amounts that have been or will be billed to Defendants other than CSE, including any discounts to rates or hours.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 182.

SO ORDERED.

Dated: September 29, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge