```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                             :
FLATIRON ACQUISITION VEHICLE, LLC,  :
CS PARADISO HOLDINGS, LLC,
                                                                 :
                                             Plaintiffs,   :                       1:17-cv-8987-GHW
                                                                    :
                         -v-                   :
                                                                    :                           ORDER
CSE MORTGAGE LLC, CAPITALSOURCE    :
COMMERCIAL LOAN, 2006-2,
CAPITALSOURCE FINANCE LLC, and      :
CAPITALSOURCE INC.,
                                                                    :
                                           Defendants.  :
----------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On November 22, 2020, the Court entered a Memorandum Opinion and Order resolving all remaining claims in this case, apart from the issue of attorneys' fees. Dkt. No. 181 (the "Order"). The Order awarded Defendants $334,041.49 in attorneys' fees in respect of their counterclaim for breach of the Settlement Agreement,[1] which was governed by Tennessee law (the "Tennessee Award"). By Memorandum Opinion and Order issued earlier today, the court awarded Defendant CSE attorneys' fees and costs in the amount of $326,137.64 because it was a "prevailing party" under the Purchase Agreement, which was governed by New York law.

       The Court will not impose prejudgment interest with respect to the Tennessee Award. "Prejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum." Tenn.Code Ann. § 47–14–123. In *Myint v. Allstate Ins. Co.*, 970

---

[1] Undefined terms are used here as defined in the Order.

S.W.2d 920, 926–28 (Tenn. 1998), the Tennessee Supreme Court described the relevant considerations to evaluate an award of prejudgment interest as follows:

> An award of prejudgment interest is within the sound discretion of the trial court and the decision will not be disturbed by an appellate court unless the record reveals a manifest and palpable abuse of discretion. This standard of review clearly vests the trial court with considerable deference in the prejudgment interest decision. Generally stated, the abuse of discretion standard does not authorize an appellate court to merely substitute its judgment for that of the trial court. Thus, in cases where the evidence supports the trial court's decision, no abuse of discretion is found.
>
> Several principles guide trial courts in exercising their discretion to award or deny prejudgment interest. Foremost are the principles of equity. Simply stated, the court must decide whether the award of prejudgment interest is fair, given the particular circumstances of the case. In reaching an equitable decision, a court must keep in mind that the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing.
>
> In addition to the principles of equity, two other criteria have emerged from Tennessee common law. The first criterion provides that prejudgment interest is allowed when the amount of the obligation is certain, or can be ascertained by a proper accounting, and the amount is not disputed on reasonable grounds. The second provides that interest is allowed when the existence of the obligation itself is not disputed on reasonable grounds.
>
> . . . .
>
> Thus, we find that if the existence or amount of an obligation is certain, this fact will help support an award of prejudgment interest as a matter of equity. After all, the more clear the fact that the plaintiff is entitled to compensatory damages, the more clear the fact that the plaintiff is also entitled to prejudgment interest as part of the compensatory damages. The converse, however, is not necessarily true. The uncertainty of either the existence or amount of an obligation does not *mandate* a denial of prejudgment interest, and a trial court's grant of such interest is not automatically an abuse of discretion, provided the decision was otherwise equitable. The certainty of the plaintiff's claim is but one of many nondispositive facts to consider when deciding whether prejudgment interest is, as a matter of law, equitable under the circumstances.

*Id.* (citations omitted).

Considering the relevant factors here in light of all of the facts, the Court concludes that the imposition of prejudgment interest with respect to the Tennessee Award that would not be

equitable. First, the amount at issue was not certain. To the contrary, the issue was complex and hotly litigated. More significantly, as the Court articulated in its decision on summary judgment, both parties breached their obligations under the Settlement Agreement. This is not a situation in which one party was wholly innocent. Defendants were entitled to judgment with respect to their counterclaim because they were the first to cure their default, but in this context, the Court does not ignore the fact that they too breached. As a result, the Court does not believe that the imposition of prejudgment interest would be equitable.

The Court must award prejudgment interest with respect to the New York Award. Under New York law, an award of prejudgment interest is generally mandatory "upon a sum awarded because of a breach of performance of a contract," but an exception applies "in an action of an equitable nature." N.Y. C.P.L.R. § 5001(a). The New York award was issued because of a breach of contract, not as a result of an award of equitable relief. "Courts are afforded 'wide discretion in determining a reasonable date from which to award pre-judgment interest.'" *Olin Corp. v. OneBeacon Am. Ins. Co.*, 864 F.3d 130, 152 (2d Cir. 2017) (quoting *Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 512 (2d Cir. 1994)). "In contract actions, the task is to ascertain the date of breach." *Granite Ridge Energy, LLC v. Allianz Glob. Risk U.S. Ins. Co.*, 979 F. Supp. 2d 385, 393 (S.D.N.Y. 2013) (citing *Katzman v. Helen of Troy Tex. Corp.*, No. 12 Civ. 4220 (PAE), 2013 WL 1496952, at *7 n.3 (S.D.N.Y. Apr. 11, 2013). Here, the Court will commence prejudgment interest from March 17, 2019, the date on which the court dismissed Flatiron's claims under the Purchase Agreement, rendering CSE a prevailing party entitled to the payment of attorneys' fees.

The Clerk of Court is instructed to enter judgment (1) in favor of Defendants CI and CF jointly in the aggregate amount of $334,041.49, and (2) in favor of Defendant CSE in the amount of $326,137.64, plus prejudgment interest at a rate of 9% per annum from March 17, 2019 through the date of judgment. Post-judgment interest shall accrue at the rate prescribed pursuant to 28 U.S.C.

§ 1961.  *See Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 111 (2d Cir. 2013).

The Clerk of Court is further directed to terminate all outstanding motions and to close this case.

SO ORDERED.

Dated: February 9, 2022
New York, New York

                                                  GREGORY N. WOODS
                                                 United States District Judge